UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

GERALD HENNING,

                              Plaintiff,

        -against-

VERIZON, INC.,

                              Defendant.
---------------------------------------------------------------X

**ECF CASE**

# 08 CIV. 1882

**COMPLAINT**

**PLAINTIFF DEMANDS
A JURY TRIAL**

# JUDGE KARAS

Plaintiff, **GERALD HENNING** by his attorneys, the Law Offices of **ROBERT DAVID GOODSTEIN, ESQ.**, complaining of the defendant, **VERIZON, INC.** (hereinafter "Verizon"), alleges as follows:

1.      This is an action for compensatory damages and punitive damages on behalf of plaintiff. This suit is authorized pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et. seq.) the Age Discrimination in Employment Act, (29 U.S.C. §621 et. seq.), the New York State Human Rights Law (NYS Executive Law §290 et. seq.) and New York City Local Law 59 of 1986, as amended by Local Rule 39 for 1991 §8-502. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5, 28 U.S.C. §§1331 and 1343, and under the principle of pendent jurisdiction. Jurisdiction of this Court is invoked to secure protection of, and redress deprivation of, rights secured by Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et. seq.) and/or the Age Discrimination in Employment Act (29 U.S.C. §621 et. seq.) providing for equitable and legal relief against discrimination in employment, prohibiting retaliation against anyone who has opposed unlawful practices and/or because he has made a charge under the statute; both the New York State

-1-

Executive Law §290 et. seq. (Human Rights Law) and New York City Local Law 59 of 1986, as amended by Local Rule 39 for 1991 §8-101 et. seq., prohibiting discrimination in employment because of retaliation.

## PARTIES

2.    Plaintiff, **GERALD HENNING,** is a male residing in Cortlandt Manor, County of Westchester, State of New York.  Plaintiff is an individual and, therefore, a "person" within the meaning of 42 U.S.C. §2000e(a).

3.    Defendant, **VERIZON,** is a corporation operating pursuant to the laws of the State of New York with offices located at 1095 Avenue of the Americas, New York, in the County, City and State of New York.

4.    Defendant is an "employer" as defined by 42 U.S.C. §2000e(b), since it is engaged in an industry affecting commerce, and since it had more than fifteen (15) employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

5.    Defendant is also an "employer" within the meaning of N.Y.S. Executive Law §292(5) and the New York City Local Law, since it had more than four (4) persons in its employ at all relevant times.

6.    Defendant is also an "employer" within the meaning of the Age Discrimination in Employment Act  (29 U.S.C. §630 (b)) ("ADEA") since it is engaged in an industry affecting commerce, and since it had more than twenty (20) employees for each working day in each of twenty (20) or more calendar work weeks in the current or proceeding calendar year.

## FACTS

7.    Plaintiff was born in October 7, 1963 and is, therefore, over the age of 40 years.

8.    Plaintiff was employed by Verizon for more than nineteen (19) years, from June 1988 through to his termination effective October 20, 2007.

9.    On or about June 6, 2006, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Case No. 520-2006-024131 (copy annexed as Exhibit #1) alleging sex and age discrimination as a result of defendant's failure to consider plaintiff's requests for voluntary lateral transfers.

10.    Within four (4) months of the filing of this Charge, on or about October 4, 2006, plaintiff was disciplined and suspended for thirty (30) days for working through lunch, leaving work early and signing out early. On information and belief, plaintiff's co-workers were not disciplined for similar infractions.

11.    Prior to October 2006, Plaintiff was never disciplined and his work performance was evaluated as satisfactory or above.

12.    In November 2006, Plaintiff filed a second Charge of Discrimination with the Equal Employment Opportunity Commission, for retaliation and perceived disability, Charge No. 520-2007-00636 (Exhibit #2) and Plaintiff has received both Notices of Right to Sue (Exhibit #3). This action is brought within ninety (90) days of the November 28, 20007 issuance of said Notices of Right to Sue.

## AS AND FOR PLAINTIFF'S FEDERAL CAUSE OF ACTION

13.    Defendant, VERIZON, engaged in unlawful employment practices by discriminating against plaintiff because of reprisal, as plaintiff filed a charge with Equal Employment Opportunity Commission and as plaintiff opposed an unlawful employment practice, specifically, discrimination, with respect to the terms, conditions and/or privileges of his employment, when defendant

-3-

sanctioned, condoned and/or permitted plaintiff's suspension, in violation of Title VII of the Civil

Rights Act of 1964 (42 U.S.C. §2000e et. seq.) and/or the Age Discrimination in Employment Act

(29 U.S.C. §621 et seq.).

## AS AND FOR PLAINTIFF'S PENDENT STATE CAUSE OF ACTION

14.    Defendant, VERIZON, engaged in unlawful discriminatory practices by

discriminating against plaintiff when defendant suspended plaintiff from employment because of

retaliation, in violation of N.Y.S. Executive Law §290 et. seq.

## AS AND FOR PLAINTIFF'S PENDENT NEW YORK CITY CLAIM

15.    Defendant VERIZON is an "employer" for purpose of the New York City Local Law

59 of 1986 as amended by local Rule 39 for 1991, §8-101 et. seq.

16.    Plaintiff served a copy of the Complaint upon the City Commission on Human Rights

and the New York City Corporation Counsel.

17.    Plaintiff has satisfied all prerequisites to filing the instant Complaint.

18.    Defendant, VERIZON, acting in a willful and malicious manner, unlawfully

discriminated against plaintiff because of retaliation when defendant suspended plaintiff for

opposing an unlawful discriminating practice in violation of New York City Local Law 59 of 1986,

as amended by local Rule 39 for 1991, §8-107 et. seq.

19.    Plaintiff demands a jury trial on all claims.

**WHEREFORE,** plaintiff demands judgment against the defendant as follows:

On Plaintiff's Title VII and A.D.E.A. Federal Causes of Action:

i.    An award of compensatory/punitive damages, pursuant to Title VII of the Civil

Rights Act of 1964 (42 U.S.C. §2000e et. seq.), in the amount of Fifty Thousand

-4-

Dollars ($50,000.00);

ii.    An award of back pay and lost benefits;

iii.    Reinstatement to his prior seniority.

iv.    An award of reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et. seq.); and pursuant to the Age Discrimination in Employment Act ( 29 U.S.C. §621 et seq)

v.    Costs and interest from October 4, 2006.

vi.    Liquidated damages pursuant to the Age Discrimination in Employment Act ( 29 U.S.C. §621 et seq)

On Plaintiff's Pendent State Cause of Action:

i.    An award of damages in the amount of Five Hundred Thousand Dollars ($500,000.00); and

ii.    Costs and interest from October 4, 2006

On Plaintiff's Pendent New York City Cause of Action:

i.    An award of compensatory and/or punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00); and

ii.    An award of reasonable attorneys' fees, together with costs of this action pursuant to New York City Local Law 59 of 1986, as amended by Local Rule 39 for 1991 §8-502(f).

Together with such other and further relief as to the Court deems just and proper.

DATED:    New Rochelle, New York
            February 19, 2008

Yours, etc.,

Law Office of
ROBERT DAVID GOODSTEIN, ESQ.

BY: _____

**Robert David Goodstein (RDG5443)**
*Attorneys for Plaintiff*
**GERALD HENNING**
56 Harrison Street, Suite 401
New Rochelle, New York   10801
(914)632-8382

-6-

# Plaintiff's Documents
# Exhibit #1

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s) |
|---|---|---|
| This form is affected by the Privacy Act. See enclosed Privacy Act Statement and other information before completing this form | ☐ FEPA  ☐ EEOC | |

and EEOC

State or local Agency, if any

**Name** (indicate Mr. Ms., Mrs.):     **MR. GERALD HENNING**          Date of Birth: **10-7-63**

**Street Address:** 14 GALLOWAY LANE    City, State and ZIP Code: CORTLANDT MANOR, N.Y. 10567

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. with Area Code |
|---|---|---|
| **VERIZON** | **10,000+** | |

**Street Address:** 1095 AVENUE OF AMERICAS, NEW YORK, N.Y. 10036    City, State and ZIP Code

| Name | No. Employees, Members | Phone No. with Area Code |
|---|---|---|
| **C.W.A. LOCAL-1101** | **2,000+** | |

**Street Address:** 1703 CASTLE HILL AVE. BRONX, N.Y. 10462    City, State and ZIP Code

**DISCRIMINATION BASED ON** (Check appropriate box(es))

☐ RACE   ☐ COLOR   ☑ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☑ AGE   ☐ DISABILITY   ☑ OTHER (Specify below)   HAND PICK PEOPLE

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest            Latest

☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I HAVE BEEN TRYING FOR A LATTERAL TRANSFER (OR OTHER) WITH-IN THE COMPANY FOR 15 YEARS NOW. MY JOB HAS BEEN DECLARED "SURPLUS" FOR 5 OR MORE YEARS NOW.

I HAVE WRITTEN MANY LETTERS TO THE UNION. THEY REFUSE TO LISTEN OR FOLLOW THE CONTRACT AS IT IS WRITTEN.

YEAR AFTER YEAR THE COMPANY DENIES (OR REMOVES) MY TRANSFER REQUESTS. I WILL CHANGE JOB TITLES OR DEPARTMENTS IF NECESSARY.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY -- When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT  *Gerald Henning* |
| MAY 5, 2006     *Gerald Henning*  Date       Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)  5/5/6 |

## EEOC AFFIDAVIT

( This form is affected by the Privacy Act of 1974. See Privacy Act Statement on reverse before completing this form.)

NAME
GERALD HENNING

TELEPHONE NUMBER (Give area code)
HOME: 914-329-1264 WORK:

ADDRESS (Number, street, city, state, zip)
14 GALLOWAY LANE, CORTLANDT MANOR, N.Y. 10567

THE FOLLOWING PERSON CAN ALWAYS CONTACT ME

NAME AND TELEPHONE NUMBER

ADDRESS (Number, street, city, state, zip)

## STATUS OF EMPLOYMENT

CHECK ONE:
[✓] WORKING
[ ] NOT WORKING
[ ] SOUGHT EMPLOYMENT AT

NAME OF EMPLOYER
VERIZON

TYPE OF BUSINESS
TELECOMMUNICATIONS

DATES OF EMPLOYMENT FROM: 6/20/88 TO PRESENT
WHEN EMPLOYMENT WAS SOUGHT FROM: TO

POSITION TITLE
CENTRAL OFFICE TECHNICIAN (C.O.T.)

DEPARTMENT
NETWORK SERVICES GROUP

ADDRESS (Number, street, city, state, zip)
2411 TRATMAN AVE. BRONX N.Y. 10461

I GERALD HENNING AM A FULLTIME VERIZON EMPLOYEE. MY TITLE IS C.O.T. I AM ASSIGNED TO THE NETWORK SERVICES GROUP. MY DUTIES ARE WIRING AND MAINTAINCE OF SWITCHING/CARRIER EQUIPMENT.

I JOINED C.W.A. LOCAL-1101 THE DAY I WAS HIRED JUNE 6, 1988

I NORMALLY WORK 5 DAYS A WEEK MONDAY TO FRIDAY. MY HOURS ARE 7AM TO 4PM. I EARN ABOUT $32 PER HOUR OR $74,000 PER YEAR. MY IMMEDIATE SUPERVISOR IS JOSEPH M. DENNIS, HE REPORTS TO JOSEPH GAFFNEY, WHO IS THE MANAGER OF THE DEPARTMENT.

I HAVE BEEN REQUESTING A VOLUNTARY TRANSFER, WITH-IN THE COMPANY TO ANY DEPARTMENT, IN ANY NUMBER OF AREAS, OVER THE PAST 15 YEARS OR SO. THE COMPANY KEEPS LOOSING MY PAPERWORK, AND CONSTANTLY CHANGES THE WAY THEY ASK (OR DON'T ASK) TO FILL VACANCIES.

SEE PAGE 2

Gerald Henning
5/22/06

EEOC Form 131

## EEOC AFFIDAVIT

I HAVE VERY LIMITED CONTACT WITH THE COMPANY ABOUT QUESTIONS AND COMPLAINTS, BECAUSE THE UNION IS MY SOLE REPRESENTATIVE IN ALL MATTERS OF EMPLOYMENT.

I THEREFORE HAVE WRITTEN MANY LETTERS TO THE UNION ONLY TO GET THE "RUN-AROUND" OR NO ANSWER AT ALL.

OVER THE PAST 3 YEARS NOW (APPROX) I HAVE BEEN HARASSED BY A FEW OF THE SUPERVISORS, MY COMPANY RECORDS WERE FALSIFIED, MY TIMECARDS HAVE BEEN TAMPERED WITH + ALTERED, AND I AM MISSING PAY AND PAYCHECKS.

ON APRIL 27, 2006 I HAVE BEEN SUSPENDED FOR 30 DAYS AND PENDING FINAL DISMISSAL FOR NOT FOLLOWING THE RULES OF SUPERVISOR ROSA RAMOS.

I BELIEVE THE COMPANY IS TRYING TO PUNISH ME OR FIRE ME SO I WILL STOP ASKING ABOUT VOLUNTARY TRANSFERS.

Gerald Manning
5/22/06

I declare under the penalty of perjury that the foregoing is true and correct.

| DATE | SIGNATURE OF WITNESS | SIGNATURE OF EEOC REPRESENTATIVE | PAGE 2 OF 2 |
|------|---------------------|----------------------------------|-------------|
| 5/22/06 | W. Mack | | |

PRIVACY ACT STATEMENT. (This form is covered by the Privacy Act of 1974, Public Law 93-579. Authority for requesting and uses of the personal data are given below.)

1. FORM NUMBER, TITLE, DATE: EEOC FORM 131, EEOC AFFIDAVIT, December 1993.

2. AUTHORITY. 42 USC 2000e(9), 29 USC 201, 29 USC 621, 42 U.S.C. 12117.

3. PRINCIPAL PURPOSES. Provides a standardized format for obtaining sworn statements of information relevant to a charge of discrimination.

4. ROUTINE USES. These affidavits are used to: (1) make an official determination regarding the validity of the charge of discrimination; (2) guide the Commission's investigatory action; and (3) in Commission litigation, to impeach or substantiate a witness's testimony.

5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION: Voluntary. Failure to provide information has no effect upon the jurisdiction of the Commission to process a charge. However, sworn statements submitted by the parties, are, of course, relied upon more heavily than otherwise, in materials in making a determination as to the existence of unlawful discrimination.

RELEASE OF EEOC FORM 131 (12-11-94)

# Plaintiff's Documents
# Exhibit #2

# CHARGE OF DISCRIMINATION

...under the Privacy Act of 1974; See Privacy Act Statement before
completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| xxxx FEPA | 530-2007-CC696 |
| EEOC | |

and EEOC

State or local Agency, if any

| This form is affected by Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Gerald Henning | (914) 329-1264 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 14 Galloway Lane, Cortlandt Manor, N.Y.  10567 | | 10/07/63 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Verizon, Inc. | 100+ | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1095 Avenue of the Americas, New York, N.Y.  10036 | | N.Y. |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE EARLIEST (ADEA/EPA)    LATEST (ALL) |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE   XX RETALIATION  ☐ NATIONAL ORIGIN  XX DISABILITY  ☐ OTHER (Specify) | July 2006    10/10/06     XX CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

SEE ATTACHED

NOV - 8 2006
EEOC ... ...EMENT

| If I also want this charge filed with both the EEOC and the State or local Agency, if any, I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | X Gerald Henning |
| 10/10/06   X Gerald Henning | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| 10/10/06        Charging Party (Signature) | PATRICIA M. MULLIGAN Notary Public, State of New York No.02MU5079502 Qualified in Westchester County Commission Expires ...   12/28/08 |

EEOC Form 5 (Test: 10/94)

## Henning v. Verizon

I, Gerald Henning, have been employed by Verizon (the "Company") for approximately eighteen (18) years, and currently serve as a Central Office Technician.

My duties consist of, among other things, the wiring and maintenance of switching and carrier equipment. My performance has consistently been satisfactory or above satisfactory[1].

I previously filed a complaint of employment discrimination with the EEOC in June 2006, EEOC Charge No. 520-2006-02431, which is currently pending. On or about October 4, 2006, just months after the filing of said complaint, I was suspended for alleged performance deficiencies. I believe this disciplinary action is in retaliation for my protected activity.

On or about October 4, 2006, I was advised by my supervisors, Ms. Rosa Ramos and Mr. Joseph Dennis, that I was suspended for leaving work early; not taking lunch (i e , working through lunch) and signing out early. Upon information and belief, none of my co-workers were disciplined for similar infractions, notwithstanding the fact that many of them also work through their lunch periods and leave early.

In addition, I believe that my supervisor, Ms. Rosa Ramos, who suspended me on October 4, 2006 is discriminating against me in the terms and conditions of my employment because she perceives me as disabled. In fact, at a recent meeting on or about September 21, 2006, Ms. Ramos stated that she thought I should go to the Company's Employee Assistance Program ("EAP"). Ms. Ramos stated that she thought I should see a doctor, implying that I needed psychological help. In fact, Ms. Ramos contacted EAP and made an appointment for me. I never discussed my psychological state with Ms. Rosa, nor did I request a referral to EAP. I have since complied with my supervisor's direction and have gone to EAP.

I believe that the October 4, 2006 suspension was motivated by illegal retaliatory animus due to the filing of my earlier EEOC complaint, as well as illegal discriminatory animus on the part of Ms. Rosa, who obviously perceives me as psychologically disabled, notwithstanding the absence of any medical evidence supplied by me which suggests the same.

The foregoing is a summary of the facts supporting my claims of discrimination

---

[1] I have not received a written performance evaluation in approximately three (3) years.

1

NOV - 8 2006

not intended to be exhaustive. No charge or complaint has been filed with any state or local civil rights agency on the same discriminatory conduct.

Based on the foregoing, I charge Respondent with unlawful discrimination in the terms and conditions of my employment in violation of Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended, the New York State Executive Law, §296 et seq. and the Administrative Code of the City of New York, §8-107 et seq.

Dated: October 10, 2006

Mr. Gerald Henning



2

# Plaintiff's Documents
# Exhibit #3

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  Gerald Henning<br>14 Galloway Lane<br>Cortlandt Manor, NY 10567 | From:  New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2006-02431 | Hazel C. Stewart,<br>Supervisory Investigator | (212) 336-3776 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____

**Spencer H. Lewis, Jr.,**
**Director**

11-28-07

*(Date Mailed)*

Enclosures(s)

cc:  VERIZON New York, Inc
     Aida Lane
     Sr. Staff Consultant, EEO Compliance
     240 E.38th Street
     Floor 17, Room 1708
     New York, NY 10016

     Patricia M. Mulligan, Esq.
     3535 Hill Boulevard, Suite M
     Yorktown Heights, NY 10598

EEOC Form 161 (3/98)                 U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Gerald Henning<br>14 Galloway Lane<br>Cortlandt Manor, NY 10567 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2007-00636 | Hazel C. Stewart,<br>Supervisory Investigator | (212) 336-3776 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____          11-28-07
Spencer H. Lewis, Jr.,                   (Date Mailed)
Director

Enclosures(s)

cc:   VERIZON New York, Inc
      Aida Lane
      Sr. Staff Consultant, EEO Compliance
      240 E.38th Street
      Floor 17, Room 1708
      New York, NY 10016

Patricia M. Mulligan, Esq.
3535 Hill Boulevard, Suite M
Yorktown Heights, NY 10598