UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————x
::
GERALD HENNING,                               :
                                              :
                  Plaintiff,    :   08 Civ. 1882 (KMK) (LMS)
                                              :
    -against-                              :   ANSWER
                                              :
VERIZON, INC.                                 :
                                              :
                  Defendant.    :
                                              :
———————————————————————x

       Defendant Verizon New York Inc., erroneously sued as Verizon, Inc. ("Verizon"), by and through its attorneys, Winston & Strawn LLP, answers the Complaint filed by Plaintiff Gerald Henning ("Plaintiff") as follows:

       1.      Verizon states that the allegations contained in paragraph 1 of the Complaint are legal conclusions to which no response is required, except admits that Plaintiff has asserted claims against Verizon and asserted this Court has jurisdiction over those claims.

       2.      Verizon admits Plaintiff is male.  Verizon is without knowledge or information sufficient to admit or deny the remaining factual allegations contained in paragraph 2 of the Complaint and no response is required concerning the conclusions of law alleged in paragraph 2 of the Complaint.

       3.      Verizon denies the allegations contained in paragraph 3 of the Complaint, except avers that defendant's legal name is Verizon New York Inc.

       4.      Verizon states that the allegations contained in paragraph 4 of the Complaint are legal conclusions to which no response is required, except admits that Verizon employed more than fifteen persons for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

5.   Verizon denies the factual allegations contained in paragraph 5 of the Complaint, and states that the allegations contained in paragraph 5 are legal conclusions to which no response is required.

6.   Verizon states that the allegations contained in paragraph 6 of the Complaint are legal conclusions to which no response is required, except admits that Defendant employed more than twenty persons for each working day in each of twenty or more calendar works weeks in the current or proceeding calendar year.

7.   Verizon is without knowledge or information sufficient to form a belief to the allegations contained in paragraph 7 of the Complaint.

8.   Verizon denies the allegations contained in paragraph 8 of the Complaint, except admits Plaintiff was employed by Verizon and his employment was terminated.

9.   Verizon admits the allegation contained in paragraph 9 of the Complaint that Plaintiff filed a charge of discrimination with the EEOC alleging sex and age discrimination. Verizon denies the allegations set forth in this charge and any discrimination against Plaintiff.

10.   Verizon denies the allegations contained paragraph 10 of the Complaint, except admits that on or about October 4, 2006, Plaintiff was suspended for five business days for Work Rule Violations.

11.   Verizon denies the allegations contained in paragraph 11 of the Complaint.

12.   Verizon denies the allegations and conclusions of law contained in paragraph 12 of the Complaint, except admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in November 2006 and that the EEOC issued Notices of Right to Sue dated November 28, 2007.

13.   Verizon denies the allegations and conclusions of law contained in paragraph 13 of the Complaint.

14. Verizon denies the allegations and conclusions of law contained in paragraph 14 of the Complaint.

15. Verizon states that the allegations contained in paragraph 15 of the Complaint are legal conclusions to which no response is required.

16. Verizon is without knowledge or information sufficient to form a belief to the allegations contained in paragraph 16 of the Complaint.

17. Verizon states that the allegations contained in paragraph 17 of the Complaint are legal conclusions to which no response is required.

18. Verizon denies the allegations and legal conclusions contained in paragraph 18 of the Complaint.

19. Defendant acknowledges that Plaintiff requests a jury trial, and avers that a jury should only be impaneled for issues that are properly heard by a jury, if any.

20. Defendant denies Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clauses of the Complaint, or any relief in law or equity.

First Affirmative Defense

Some or all of the claims set forth in the Complaint fail to state a claim upon which relief can be granted.

Second Affirmative Defense

Some or all of the claims set forth in the Complaint are barred by the applicable statutes of limitations.

<u>Third Affirmative Defense</u>

Verizon exercised reasonable care to prevent and correct promptly any purportedly discriminatory or retaliatory behavior in its workplace, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

<u>Fourth Affirmative Defense</u>

Defendant has not committed any willful violation of the Age Discrimination in Employment Act, (29 U.S.C. §621 et. seq.), New York Executive Law §290 et. seq. or New York City Administrative Code §8-107 et. seq..

<u>Fifth Affirmative Defense</u>

Any disciplinary actions taken by Verizon concerning Plaintiff were taken for legitimate and non-discriminatory reasons.

<u>Sixth Affirmative Defense</u>

Without conceding any damages have been incurred or are owed, Plaintiff failed to mitigate his damages as required by law.

<u>Seventh Affirmative Defense</u>

The Complaint fails to set forth facts and circumstances that support an award of punitive damages.

<u>Eighth Affirmative Defense</u>

Plaintiff's claims are preempted in whole or in part by the Labor Management Relations Act, 29 U.S.C. §185(a), *et. seq.*

<u>Ninth Affirmative Defense</u>

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust required administrative remedies.

WHEREFORE, Verizon respectfully requests that this Court:

1. Dismiss the Complaint in its entirety, with prejudice, and enter judgment in favor of Verizon;

2. Award Verizon its costs and expenses incurred in defending this action, including but not limited to reasonable attorneys' fees; and,

3. Grant Verizon such other and further relief as this Court may deem just and proper.

Dated: April 23, 2008
       New York, New York

                          WINSTON & STRAWN LLP

                          By: _____
                              Grissel Seijo (GS-2650)
                          200 Park Avenue
                          New York, New York 10166
                          (212) 294-6700
                          gseijo@winston.com

                          Attorneys for Defendant

To:    Robert D. Goodstein, Esq. (RDG-5443)
       56 Harrison Street, Suite 401
       New Rochelle, New York 10801
       (914) 632-8382
       <u>robertdavidgoodstein@verizon.net</u>

       Attorneys for Plaintiff